# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

| | |
|---|---|
| RONALD E. ROBINSON ) | |
| ADC # 108877 ) | |
|     Petitioner, ) | **Case No. 5:15-CV-00164 JLH-JTK** |
| v. ) | |
| ) | |
| WENDY KELLEY, Director, ) | |
| Arkansas Department of Correction ) | |
|     Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before

>the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Ronald Robinson on May 21, 2015 (Doc. No. 2). Respondent Wendy Kelley filed a response on September 15, 2015 (Doc. No. 12). Petitioner did not file a reply. After reviewing the Parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

In 2009, The Hot Springs County Circuit Court found Petitioner, Ronald Robinson, guilty of two counts of attempted first-degree murder and two counts of first-degree battery. The court filed the Amended Judgment and Commitment Order on January 6, 2010, which included an enhancement for committing a felony with a firearm. Petitioner received 135 years' imprisonment in the Arkansas Department of Correction. On June 30, 2010, Petitioner directly appealed his conviction to the Arkansas Court of Appeals, with arguments that the trial court erred by 1) denying his request for a continuance, 2) denying his motion for a directed verdict, 3) denying the lesser-included instruction on second-degree battery, and 4) failing to exercise discretion in running his sentences consecutively. The Arkansas Court of Appeals affirmed the

conviction on November 17, 2010. *Robinson v. State*, 2010 Ark. App. 772.

On February 7, 2011, Petitioner filed a motion for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1, alleging his counsel was ineffective for 1) failing to point out that the State failed to offer forensic proof that he fired a weapon in the motion for directed verdict, 2) not impeaching witness Jeff Andrew Traylor's testimony at trial, 3) failing to adequately support the motion for a continuance based on the State's failure to give timely notice that it intended to call "Mr. [James] Harris" as a witness, 4) "failing to offer support" for his request for a jury instruction on second-degree battery as a lesser-included offense and for not "federalizing" the issue to allow for subsequent review of the issue in a habeas-corpus proceeding in federal court, and 5) failing to object when the trial court ordered his sentences to be served consecutively as recommended by the jury. The Hot Springs Circuit Court denied the motion on December 28, 2011 (Doc. Nos. 12-5, 12-6, 12-7). Petitioner subsequently appealed that decision to the Arkansas Supreme Court, which affirmed the trial court on June 26, 2014. *Robinson v. State*, 2013 Ark. 46 (per curiam).

Respondent admits that Petitioner is in her custody and that he had no unexhausted, non-futile state remedies available to him. Respondent denies, however, that Petitioner is entitled to an evidentiary hearing or habeas relief.

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254 based on the following grounds: 1) trial counsel was ineffective for failing to object to the court's imposition of consecutive sentences, 2) trial counsel rendered ineffective assistance of counsel by virtue of his failure to properly move for a directed verdict with the specificity required by Ark. R. Crim. P. 33.1(a), 3) trial counsel was ineffective for failing to make a meritorious objection to the variance between

3

the charging document and erroneous instructions given to the jury as to the essential elements needed to convict one of attempted first-degree murder, and 4) actual innocence. However, the merits of these claims will not be addressed because Petitioner's claims are time-barred.[1]

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's direct appeal was denied by the Arkansas Court of Appeals on November 17, 2010. Thus, the limitations period began to run December 6, 2010.[2] The Antiterrorism and Effective Death Penalty Act 's (AEDPA) statute of limitation thus began running on December 7, 2010. *See* Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period); *Moore v. United States*, 173 F.3d 1131, 1133-35 (8th Cir. 1999) (applying Fed. R. Cvil. P. 6(a) to AEDPA statute of limitations). The time period was tolled during the pendency of Petitioner's Rule 37 petition, from February 7, 2011 to June 26, 2014. *See* § 2244(d)(2). On

---

[1] The Court would note that Petitioner's third claim is also procedurally-barred because he failed to raise it in state court, among other things. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) ("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted."). The Court need not address Petitioner's fourth argument actual innocence because the petition is clearly time-barred and because he failed to "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

[2] The Arkansas Court of Appeals denied Petitioner's direct appeal on November 17, 2010. A petition to review a decision of the court of appeals "must be filed within 18 calendar days from the date of the decision…." Ark. Sup. Ct. R. 2-4(a). When the last day for filing a petition for review "falls on a Saturday, Sunday, or legal holiday, the time for such action shall be extended to the next business day." Ark. R. App. P. – Crim. R. 17. Eighteen days from November 17 is December 5. In 2010, December 5 fell on a Sunday. Because December 5 was a Sunday, the time for filing the petition for review was December 6, 2010.

June 27, 2014, the statute of limitations resumed running. *See* Fed. R. Civ. P. 6(a)(1)(A). Accordingly, when Petitioner filed his federal habeas petition on May 21, 2015, more than one year had passed, and the statute of limitations had run.

There is no argument or indication that any of the statutory exceptions to the one-year period of limitation apply. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim). Nor is there any reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Accordingly, the Court finds that the Petitioner's petition is time-barred.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

Further, the Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 1st day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE